**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CASE NO. :**

ALEXIS BAWGUS, on her own behalf
and on behalf of those similarly situated,

      Plaintiff,

vs.

WAVE ASIAN BISTRO, LLC., a Florida Limited
Liability Company and JONATHAN MCKINNEY,
Individually,

      Defendants.

_____/

## <u>COLLECTIVE ACTION COMPLAINT AND</u><br><u>DEMAND FOR JURY TRIAL</u>

Plaintiff, ALEXIS BAWGUS ("BAWGUS" or "Plaintiff"), on her own behalf and on behalf of all similarly situated individuals (hereinafter, "Putative class members") by and through her undersigned counsel, brings this Collective Action Complaint against Defendants, WAVE ASIAN BISTRO, LLC ("WAVE" or "Defendant"), a Florida Limited Liability Company and JONATHAN MCKINNEY, Individually ("JM" or "Defendant")(collectively, "Defendants") as joint employers and allege as follows:

## I.      SUMMARY

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

## 1.      NATURE OF THE CASE

1.      This is a Collective Action brought by Plaintiff, on her own behalf and on behalf of all similarly situated individuals (hereinafter, 'Putative Class Members") who are or were employed with Defendants and brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., for unpaid overtime and liquidated damages.

2.      At different times throughout Plaintiff and the 'Putative Class Members employment, Defendants have a policy of misclassifying their employees as exempt from overtime. *See* pay record attached as **Exhibit A**.

2

3.    Additionally, Defendants paid their employees both hourly and salary but never paid proper overtime for all hours worked in excess of forty(40) per workweek.

4.    Defendants required and/or permitted Plaintiff ALEXIS BAWGUS("Plaintiff") to work as a non-exempt "restaurant worker" (or other job titles who performed the same and/or similar job duties) more than forty (40) hours per week. Still, they refused to compensate them properly for all hours worked.

5.    The Defendant's conduct violates the FLSA, which requires non-exempt employees, such as the plaintiff, to be compensated for their overtime work at one and one-half times their regular pay rate. *See* 29 U.S.C. § 207(a).

6.    Defendants misclassified Plaintiff and the putative class members, all employees, as  exempt from overtime by Defendants.

7.    The U.S. Department of Labor ("DOL") recognizes that "A worker is entitled to minimum wage and overtime pay protections under the Fair Labor Standards Act (FLSA) when there is an employment relationship between the worker and an employer and there is coverage under the FLSA." "Misclassification deprives workers of their federal labor protections, including their right to be paid their full, legally earned wages."

8.    Plaintiff and the putative class members' duties were to perform kitchen and restaurant duties.  Plaintiffs are all non-exempt employees who worked over

forty (40) hours, seeking their unpaid overtime compensation over the past three (3) years.

9. Defendants paid each Plaintiff and the putative class members an hourly wage and/or a salary for conducting activities related to, but not limited to, kitchen and restaurant duties, such as cooking and prepping food for Defendants' customers.

10. For each individual within their job position, they assert common questions of law and facts, namely whether they were misclassified as exempt and how much unpaid overtime they are owed. The plaintiff and the putative class members are requesting to join together in this action where common questions are present and to promote judicial economy.

11. Plaintiff and the putative class members claim and assert their rights arising from their employment relationship with the Defendants for unpaid overtime.

12. As non-exempt employees, Plaintiff and the putative class members are entitled to the applicable wage rate for each overtime hour they were suffered and permitted to work by Defendant. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'").

13. Plaintiff brings a collective action to recover the unpaid wages owed to

herself and all other similarly situated employees, current and former, of Defendants who worked at any time during the three-year period before this Complaint was filed up to the present ("Putative Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165 (1989) and its progeny.

14.     Plaintiff ALEXIS BAWGUS's Consent to act as the Named Plaintiff and Class Representative is attached as **Exhibit B**.

### III.     SUBJECT MATTER JURISDICTION AND VENUE

15.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

16.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suits under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

17.     This Court has supplemental jurisdiction over the Plaintiffs' breach of contract or unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because these claims arise from a common set of operative facts and are so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

18.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

19.     The venue is proper in the Middle District of Florida because the events forming the basis of this suit occurred in this District.

20.     This Court has personal jurisdiction over Defendants because they are Registered with the Florida Department of Corporations to conduct business within Florida, and they continue to conduct business within the State of Florida.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants conducts substantial business within this District, and because a substantial portion of the events that give rise to the claims pled in this Complaint occurred in this District.

## IV.   PARTIES AND PERSONAL JURISDICTION

22.     At all times relevant hereto, Plaintiff ALEXIS BAWGUS was an employee who worked for Defendants for the last three years.

23.     At all times material hereto, Defendants employed Plaintiff as a "cook" from approximately February 10, 2019, through May 26, 2023.

24.     The Class Members are all of the Defendant's current and former restaurant workers who were no paid proper overtime at any time during the three years prior to filing this Complaint through the present.

25.    In an FLSA case, the following elements must be met. "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S. Ct. 62, (U.S. 2013).

26.    Defendants hold themselves out via their website as follows:

"Sushi & More"

"The unique concept of Wave was originally brought to life in July 2017 in the heart of downtown Mount Dora, Florida. After working in the Restaurant industry for 25 years, chef and owner Jonathan McKinney opened a brick-and-mortar of his very own offering unique sushi creations, hibachi-style dishes, and small plates. Merging older techniques with a modern twist is the heart and soul of this concept. Jonathan's idea was to make traditional sushi less intimidating and more exciting for first time sushi eaters, and sushi enthusiasts alike. Originally starting off with sushi donuts and sushi burritos, Wave's menu has exploded over the years to include sushi burgers, sushi tacos, sushi hotdogs, and more!" (**https://www.waveasianbistro.com/about-us**) *last visited 01/21/2025.*

*See* website excerpts attached as Exhibit C.

27.    Within the relevant time, Defendants were and are a registered Florida company and a Florida Resident, respectively, doing business in Lake County where Plaintiff worked for Defendants.

28.    Defendant, JM was and is an individual owner of WAVE  during the last three (3) years and regularly engaged in, related activities: (a) ran the day-to-day

7

operations of "WAVE"; (b) was responsible for determining the schedules and hours worked by Plaintiff and other similarly situated class members; (c) determines the rates of pay to be given to Plaintiff and other similarly situated class members; (d) hiring and firing of all employees of "WAVE"; and (e) determining the course and scope of work assigned to Plaintiff and other similarly situated class members.

29. At all times relevant hereto, Defendants have been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

30. At all times relevant hereto, Defendants have two (2) or more employees who have handled goods that moved in interstate commerce.

31. At all times relevant hereto, Defendants were Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d).

32. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives while actively engaged in managing Defendants' business or affairs and with Defendant's authorization.

33. In light of the duties performed by JM, JM is defined as the term "employer" by 29 U.S.C. §203 (d), under the FLSA, and is directly, jointly, and severally liable to Plaintiff and the putative class if they prevail in this action.

34. Defendants are "joint- employers" under the FLSA by their rigorous control and unified operations. Defendants share employees or interchange employees and work in the direct interest of one another. Further, work performed by Plaintiff and the putative class, benefits each Defendants.

## V.    FLSA COVERAGE

35. In an FLSA case, the following elements must be met. "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S. Ct. 62, (U.S. 2013).

## EMPLOYMENT RELATIONSHIP

36. To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id*. (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id*. (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id*.

37. Defendants had the power to hire and fire Plaintiff.

38. Once an hourly restaurant worker begins employment with

Defendants, the working relationship between Defendants and employees is that of an employer-employee relationship.

39.    Defendants controlled Plaintiff's work schedule. Defendants scheduled Plaintiff and other restaurant workers to certain days and shifts.

40.    Defendants utilize a central management team to monitor and control the restaurant workers.

41.    Defendants ensure each restaurant workers follows common policies, procedures, and practices.

42.    Defendants control and monitor each restaurant workers' daily schedules.

43.    Plaintiff's job duties, assigned by Defendants, included but were not limited to all aspects of a kitchen restaurant employee/cook, preparing food, cooking food, cleaning, and any other assignments by Defendants.

44.    Throughout Plaintiff's employment with Defendants, she regularly worked at least forty (40) hours per workweek.

45.    The FLSA subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records. 29 C.F.R. § 516.1.

46.    An employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and the total hours worked by each employee each workweek. *See id.*

10

§ 516.2.

47.    Upon information and belief, Defendants failed to establish, maintain and preserve accurate timesheet and payroll records as required by the FLSA.

48.    When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate an employee has carried out his burden if he proves that he has in fact performed worked for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id*.

49.    The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labor without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages

lack the exactness and precision of measurement that would be possible had he kept records in accordance with the Act." *Id.*

50.    Defendants required Plaintiff and other restaurant workers to work a certain number of days, be on-call during any given workweek, and stay past scheduled hours until needed.

51.    Defendants do not claim that the Laborers are subject to 7(i) retail exemption.

52.    Defendants do not claim Laborers fall within the executive exemption under the FLSA.

53.    Defendants do not claim Laborers fall within the administrative exemption.

54.    Defendants do not have written policies and procedures directed at restaurant workers.

55.    At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

56.    Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

57.    The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where those

individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id.; Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 971-72 (5th Cir. 1984).

58. Defendant JM is the President and CEO of WAVE.

59. Defendant JM is involved in the day-to-day business operation of WAVE.

60. Defendant JM is responsible for supervising employees of WAVE.

61. Defendant JM is responsible for the compensation or lack thereof paid to restaurant employees at WAVE.

62. Defendant JM has the authority to hire and fire employees, direct and supervise employees' work, sign on the business's checking accounts, including payroll accounts, and make decisions regarding employee compensation and capital expenditures.

63. Defendant JM was also responsible for WAVE'S day-to-day affairs. In particular, he was responsible for determining whether the business complied with the Fair Labor Standards Act.

64. As such, Defendant JM is the employer of the Plaintiff and Putative Class Members within the meaning of 3(d) of the FLSA and is jointly, severally, and liable for all damages.

**ENTERPRISE AND INDIVIDUAL COVERAGE**

65.    The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634- CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)). "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id*. (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id*. (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

66.    At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

67.    At all material times, Defendants have been an enterprise in commerce or in producing goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

68.    Specifically, during her employment with Defendants, Plaintiff and all

14

other restaurant employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: food, beverages, napkins, silverware, that have been moved or produced in interstate commerce to Defendants' clients. Additionally, Defendants' employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

69.     Defendants advertise on the Internet, process credit cards from out-of-state patrons, and communicate via mail, email, and telephone with their clients outside of Florida.

70.     Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

71.     At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## VI.   **GENERAL ALLEGATIONS**

72.     Plaintiff and all Putative Class Members who held the same or similar positions (e.g., hourly/salary restaurant employees) were tasked with accommodating and providing Defendants' customers with a good dining experience.

73.     Plaintiff worked regularly for Defendants.

74.    Therefore, Plaintiff has first-hand knowledge of Defendants' pay violations.

75.    Defendants suffered and permitted Plaintiff, and putative class member non-exempt "Restaurant Employees" to work more than forty (40) hours per work week without receiving proper overtime pay.

76.    Defendants tracked the time and days the restaurant employees worked, as is standard for typical employer-employee relationships.

77.    In addition, Defendants instructed the restaurant employees about when, where, and how they were to perform their work.

78.    The following further facts demonstrate the restaurant employees' status as employees:

a)    Defendants had the sole right to hire and fire the restaurant employees;

b)    Defendants require restaurant employees to complete an employee application as a prerequisite to their employment;

c)    Defendants made the decision not to pay overtime;

d)    The restaurant employees have made no financial investment in Defendants' business;

e)    The restaurant employees were hired as permanent employees and have worked for Defendants for years;

f)      Defendants supervised the restaurant employees; and

g)      Defendants scheduled restaurant employees and as such had sole control over their opportunity for profit.

79.    Defendants misclassified Plaintiff and Class Members as exempt from full and proper overtime to avoid their obligations to pay them pursuant to the FLSA.

80.    Plaintiff and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA.

81.    Although Plaintiffs and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA-mandated time-and-a-half rate for hours more than forty (40) per workweek.

82.    Defendants' method of paying the Plaintiffs in violation of the FLSA was willful and was not based on good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiffs with the intent to avoid paying them in accordance with the FLSA.

83.    Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.,* 346 F.3d 908, 914–15

(9th Cir. 2003).

84. Defendants have a common business purpose of for-profit Construction business.

85. The individually named Defendant keeps employment records for WAVE.

86. The individually named Defendant has ultimate authority regarding hiring and firing employees at WAVE.

87. The individual named Defendant created and implemented a companywide policy of misclassifying restaurant employees as exempt at WAVE in Lake County, Florida and not paying proper overtime for all hours worked over forty(40) in each workweek.

## VII. COLLECTIVE ACTION ALLEGATIONS

88. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b) on her own behalf and on behalf of:

> All current and former non-exempt "Restaurant Employees" (or other job titles who performed the same and/or similar job duties) who were not paid full and proper overtime wages for all hours worked in excess of forty (40) hours per workweek, a*t any time in the last three (3) years.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

89.   As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class-wide basis, as described above.

90.   Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

91.   Class Members perform or have performed the same or similar work as Plaintiff.

92.   In particular, Plaintiff and Class Members all worked as restaurant employees under the same conditions and were subject to the same violations of the FLSA.

93.   Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

94.   Defendants have classified and continue to classify Class Members as exempt from overtime.

95.   Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

96.   As such, Class Members are similar to Plaintiff in terms of job duties,

pay structure, misclassification as exempt and/or the denial of overtime and minimum wage.

97.    Defendant's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

98.    The experiences of Plaintiff, with respect to his pay, are typical of the experiences of Class Members.

99.    The experiences of Plaintiff, with respect to his job duties, are typical of the experiences of Class Members.

100.    Each Class Member's specific job titles or precise job responsibilities does not prevent collective treatment.

101.    All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

102.    All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

103.    Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula.

The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

104. The Defendants have classified all of its restaurant employees as exempt from at least February 2, 2023.

105. The individually named Defendant instituted, permitted, and/or required the policy and practice of classifying all restaurant employees at WAVE as exempt from overtime.

106. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> The plaintiff brings this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of all hourly/salary non-exempt "Restaurant Employees" (or other job titles who performed the same and/or similar job duties) who were not paid full and proper overtime wages for all hours worked in excess of forty (40) hours per workweek, a*t any time in the last three (3) years.*

107. Plaintiff and the FLSA Collective class members were all "Restaurant Employees" who performed the same or similar job duties as one another in that they provided services at the direction and on behalf of the Defendants.

108. Defendants employ numerous non-exempt Restaurant Employees.

109. The class of current and former similarly situated Restaurant Employees employed by Defendants is readily identifiable from records maintained

21

by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

110.   Defendants' misclassification policy and/or practice was applicable to Plaintiff and Putative Class Members' non-exempt "Restaurant Employees" employed by Defendants, which resulted in the non-payment of wages, including overtime to which applies to Plaintiff and continues to apply to putative class members.

111.   Defendants have acted willfully in failing to pay Plaintiff and the putative class members in accordance with the law.

112.   Defendants have failed to maintain accurate records of Plaintiff and the putative class members' work hours in accordance with the law.

113.   Federal law mandates that an employer is required to keep all payroll records and other records containing, among other things, for three (3) years including, but not limited to the following information:

a.       The time of day and day of the week on which the employees' work week begins;

b.       The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

c.       An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

22

d. The hours worked each workday and total hours worked each workweek;

e. The total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

f. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

g. The total additions to or deductions from wages paid each pay period including employees' wage assignments;

h. The dates, amounts, and nature of the items which make up the total additions and deductions;

i. The total wages paid each pay period; and

j. The date of payment and the pay period covered by payment.

114. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and class members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).*

**COUNT I**

**Violation of the FLSA – Overtime Wages**

*Plaintiff on behalf of herself and other
similarly situated Employees*

115.  Plaintiff incorporates and re-alleges all previous paragraphs herein and further alleges as follows:

116.  Plaintiff brings this action to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendants under the provisions of the FLSA.

117.  This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff and the putative class members one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in a work week.

118.  Defendants' FLSA violation was undertaken willfully and with reckless disregard of clearly applicable FLSA provisions.

119.  Defendants directed Plaintiff and the putative class members to work, and Plaintiffs did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

120.  Plaintiff and the putative class members were covered, non-exempt employees, entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

121.  Defendants did not pay Plaintiff, and the putative class members

overtime wages for all overtime hours worked in excess of forty (40) hours in individual workweeks.

122.  Defendants' failure to pay Plaintiff and the putative class members overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

123.  Defendants failed to keep adequate records of Plaintiff and the putative class members' work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

124.  At all times material hereto, Defendants failed to comply with Title 29 of the U.S. Department of Labor Regulations, 29 CFR §§516.2 and 516.4, with respect to Putative Class Members to the named Plaintiffs, by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees as if they were exempt from coverage under 29 U.S.C. §201 through 219, disregarding the fact that they were not exempt.

125.  Based upon information and belief, Plaintiff and the putative class members are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

126.  At all times relevant to this Action, Defendants were an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, et seq.

127.   According to information and belief, Defendant's annual sales exceed $500,000, and they have more than two employees, so the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A).

128.   Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

129.   Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

130.   Defendants' employees, including Plaintiff, engage in interstate commerce— including, but not limited to utilizing supplies, credit cards from other states and countries, and Internet—and therefore, they are also covered by the FLSA on an individual basis.

131.   As stated above, at all times material hereto, Plaintiff and the FLSA Collective were employed by Defendants and were paid hourly and/or salary for compensation.

132.   Defendants improperly classified Plaintiff and the FLSA Collectives as exempt from overtime.

133.   Plaintiffs and the FLSA Collectives consistently worked in excess of forty(40) hours in a given workweek without being compensated at a time-and-a-half rate.

134. As a direct and proximate result of Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for prosecuting this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

135. As a direct and proximate result of the Defendants actions, Plaintiff and the putative class members have suffered damages.

136. As a result of Defendants' conduct, Plaintiff and the putative class members are entitled to unpaid wages for overtime, liquidated damages, and other penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated individuals, requests the following relief:

a. An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. An Order compelling Defendant to disclose in computer format, or in print if no computer-readable format is available, the names, addresses, and email addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those

similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

c. An Order designating the Named-Plaintiff to act as the Class Representative on behalf of all similarly situated individuals for the FLSA Class;

d. An Order declaring that Defendants willfully violated the FLSA and its attendant regulations as set forth above;

e. An Order declaring that Defendants violated their obligations under the FLSA;

f. An Order granting judgment in favor of Plaintiff and against Defendants and awarding the amount of unpaid overtime pay calculated at the rate of one and one- half (1.5) of Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of forty (40) hours per week for the past three (3) years for Plaintiff and for the FLSA Class;

g. An Order awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid overtime found owing to Plaintiff under the FLSA;

h. An Order awarding reasonable attorney fees and costs incurred by Plaintiffs in filing this Action;

i. An Order awarding pre and post-judgment interest to Plaintiffs on these damages; and

j.  An Order awarding such further relief as this court deems appropriate.

## **JURY DEMAND**

NOW COME Plaintiff, by and through his Counsel, hereby demands a trial by jury on all causes of action so triable.

Dated this 24th day of January, 2025

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th Street, Suite 316
Plantation, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

29