UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALEXIS BAWGUS, on her own behalf
and on behalf of those similarly situated,

      Plaintiff,                             Case No.: 5:25-cv-00052-CEM-PRL

v.

WAVE ASIAN BISTRO, LLC., a
Florida Limited Liability Company and
JONATHAN MCKINNEY, Individually,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, WAVE ASIAN BISTRO, LLC., a Florida Limited Liability Company and JONATHAN MCKINNEY, Individually, by and through their undersigned counsel, FISHER & PHILLIPS LLP, hereby file their Answer and Defenses to Plaintiff's Complaint and Demand for Jury Trial ("Complaint"), as follows:

### I.    SUMMARY

Plaintiff's "Summary" sets forth purported legal principles for which no response is required by Defendants.

### 1.    NATURE OF THE CASE

1.    Defendants admit that Plaintiff purports to bring this action for alleged unpaid overtime wages and liquidated damages against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et. seq.  Defendants, however,

FP 53929122.1

deny they violated the FLSA, deny that unpaid wages or liquidated damages are owed, and further deny that Plaintiff has properly brought this action.

2.     Denied.

3.     Denied.

4.     Denied.

5.     Denied.

6.     Denied.

7.     This Paragraph sets forth purported legal principles for which no response is required by Defendants.

8.     Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

9.     Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

10.     Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

11.     Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

FP 53929122.1

12.     Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

13.     Defendants admit that Plaintiff purports to bring this action on behalf of herself and other allegedly similarly situated employees.  Defendants, however, deny that Plaintiff has properly brought this action or that the allegedly similarly situated employees should be informed of the pendency of this action and apprised of their rights to join in the matter.

14.     Defendants admit that Plaintiff has filed a Consent to act as the class representative in this matter.

### III.    SUBJECT MATTER JURISDICTION AND VENUE

15.     Admitted.

16.     Admitted.

17.     Denied.

18.     Denied.

19.     Admitted.

20.     Denied.

21.     Admitted.

### IV.    PARTIES AND PERSONAL JURISDICTION

22.     Denied.

3

23.    Defendants admit that Plaintiff was employed by Defendant Wave Asian Bistro from approximately February 10, 2019, through May 26, 2023.  Defendants deny all remaining allegations in this paragraph.

24.    Denied.

25.    This Paragraph sets forth purported legal principles for which no response is required by Defendants.

26.    Admitted.

27.    Admitted.

28.    Admitted.

29.    Admitted

30.    Admitted.

31.    Admitted.

32.    Denied.

33.    Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

34.    Denied.

## V.    FLSA COVERAGE

35.    This Paragraph sets forth purported legal principles for which no response is required by Defendants.

4

## EMPLOYMENT RELATIONSHIP

36. This Paragraph sets forth purported legal principles for which no response is required by Defendants.

37. Admitted.

38. Denied.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Defendants assert that the duties allegedly performed are vague and undefined as to their timeframe. Therefore, Defendants deny the allegations in this paragraph.

44. Defendants assert that the term "regularly" is vague and undefined. Therefore, Defendants deny the allegations in this paragraph.

45. This Paragraph sets forth purported legal principles for which no response is required by Defendants.

46. This Paragraph sets forth purported legal principles for which no response is required by Defendants.

47. Denied.

48. This Paragraph sets forth purported legal principles for which no response is required by Defendants.

FP 53929122.1

49. This Paragraph sets forth purported legal principles for which no response is required by Defendants.

50. Denied.

51. Defendants assert that the term "Laborers" is vague and undefined. Therefore, Defendants deny the allegations in this paragraph.

52. Defendants assert that the term "Laborers" is vague and undefined. Therefore, Defendants deny the allegations in this paragraph.

53. Defendants assert that the term "Laborers" is vague and undefined. Therefore, Defendants deny the allegations in this paragraph.

54. Denied.

55. Defendants assert that the term "employers" is vague and undefined as the paragraph fails to identify the individuals who Defendants allegedly employed. Therefore, Defendants deny the allegations in this paragraph.

56. This Paragraph sets forth purported legal principles for which no response is required by Defendants.

57. This Paragraph sets forth purported legal principles for which no response is required by Defendants.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

FP 53929122.1

63.    Admitted.

64.    Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

## ENTERPRISE AND INDIVIDUAL COVERAGE

65.    This Paragraph sets forth purported legal principles for which no response is required by Defendants.

66.    Admitted.

67.    Admitted.

68.    Denied.

69.    Denied.

70.    Admitted.

71.    Denied.

## VI.    GENERAL ALLEGATIONS

72.    Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

73.    Defendants assert that the term "worked regularly" is vague and undefined.  Therefore, Defendants deny the allegations in this paragraph.

74.    Denied.

75.    Denied.

76.    Admitted.

FP 53929122.1

77.    Admitted.

78.    Denied.

79.    Denied.

80.    Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Admitted.

86.    Admitted.

87.    Denied.

## VII.    COLLECTIVE ACTION ALLEGATIONS

88.    Defendants admit that Plaintiff brings this action pursuant to the FLSA on behalf of herself and others.  Defendants, however, deny that Plaintiff has properly brought this action on behalf of herself and/or others.

89.    Denied.

90.    Denied.

91.    Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

8

FP 53929122.1

92. Denied.

93. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

94. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

95. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

96. Denied.

97. Denied.

98. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

99. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

100. Denied.

101. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

FP 53929122.1

102. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

108. Defendants admit that Defendant Wave Asian Bistro employs numerous non-exempt employees. Defendants deny the remaining allegations in this paragraph.

109. Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

110. Denied.

111. Denied.

112. Denied.

113. This Paragraph sets forth purported legal principles for which no response is required by Defendants.

114. Denied.

10

## COUNT I
## Violation of the FLSA – Overtime Wages

115.    Defendants incorporate by reference each and every response to paragraphs 1 through 114 of the Complaint as if fully set forth herein.

116.    Defendants admit that Plaintiff purports to bring this action based on Defendants' alleged failure to pay Plaintiff and the putative class members one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in a work week.  Defendants, however, deny they violated the FLSA, deny that unpaid wages or liquidated damages are owed, and further deny that Plaintiff has properly brought this action.

117.    Denied.

118.    Denied.

119.    Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

120.    Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

FP 53929122.1

125.   Denied.

126.   Defendants assert that the term "employer" is vague and undefined as the paragraph fails to identify the individuals who Defendants allegedly employed. Therefore, Defendants deny the allegations in this paragraph.

127.   Admitted.

128.   Admitted.

129.   Admitted.

130.   Defendants are without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in this paragraph, and, as such, Defendants deny the allegations contained therein.

131.   Defendants assert that the term "FLSA Collective" is vague and undefined.  Therefore, Defendants deny the allegations in this paragraph.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   In response to the unnumbered "WHEREFORE" paragraph following paragraph 136 of the Complaint, Defendants deny that Plaintiff and/or alleged similarly situated individuals are entitled to any of the relief requested therein.

12

138.   In response to the unnumbered "JURY TRIAL DEMAND" paragraph following paragraph 136 of the Complaint, Defendants deny that Plaintiff is entitled to a trial by jury.

139.   Defendants deny all remaining allegations not specifically admitted herein.

## DEFENSES

Without conceding that Defendants bear the burden of proof as to any issue, Defendants assert the following defenses to Plaintiff's Complaint.

1.   The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.   Plaintiff and/or the members of the putative collective's claims are barred in whole or in part by the exemptions, exclusions, exceptions, or credits set forth in Section 7 of the FLSA, 29 U.S.C. § 207.

3.   Assuming, but not conceding, that Defendants committed a willful violation of the FLSA, which they did not, Plaintiff and/or the members of the putative collective's claims are barred to the extent they exceed the two-year statute of limitations period set forth in 29 U.S.C. § 255(a).

4.   Assuming, but not conceding, that Defendants committed a willful violation of the FLSA, which they did not, Plaintiff and/or the members of the putative collective's claims are barred to the extent they exceed the three-year statute of limitations period set forth in 29 U.S.C. § 255(a).

13

5.     To the extent Plaintiff is seeking any recovery for any period beyond the applicable statute of limitations period under 29 U.S.C. § 255(a), this Court has no jurisdiction over such claims.

6.     Plaintiff and/or members of the putative collective's claims are barred by the provisions of 29 U.S.C. § 254 as to all hours during which they were engaged (i) in walking, riding, or traveling to and from the actual place(s) they performed the principal activities they were employed to perform, or (ii) in activities which were preliminary or postliminary to their principal activities.

7.     Plaintiff and/or the members of the putative collective's claims are barred by payment in that they have already received all the compensation to which they were entitled under the FLSA.

8.     The Complaint fails to identify facts sufficient to support a claim for liquidated damages.

9.     Defendants are immune from liability under the FLSA in accordance with 29 U.S.C. § 259, because all acts or omissions of which Plaintiff and/or members of the putative collective raise under the FLSA were made in good faith, in conformity with and in reliance upon established legal precedents, administrative regulations, orders, rulings, interpretations, and administrative practices, or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor.

10.     Plaintiff and/or the members of the putative collective's claims are barred in whole or in part by the provisions of 29 U.S.C. § 260, because any acts or omissions

14

giving rise to this action were done in good faith and with reasonable grounds for believing the acts or omissions were not a violation of the FLSA.

11.     Plaintiff and/or members of the putative collective's claims are barred by estoppel and unclean hands to the extent that their own conduct resulted in them not being paid for all hours worked or otherwise compensated in accordance with the FLSA.

12.     Plaintiff and/or members of the putative collective's claims are barred in whole or in part by the doctrine of accord and satisfaction.

13.     Plaintiff and/or members of the putative collective's claims are barred to the extent they worked any unreported hours and did so in violation of policy and/or concealed the facts from Defendants.

14.     No conduct by or attributable to Defendants was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff or any members of the putative collective.

15.     Without admitting that any violations of the FLSA have occurred, the de minimus rule applies to any such violations.

16.     Without admitting any violations of the FLSA have occurred, Plaintiff and/or members of the putative collective are estopped from bringing a cause of action under the FLSA to the extent they, among other things, accepted the denominated rate of pay and failed to comply with the prevailing terms, conditions, policies, and procedures governing their employment, including policies and procedures governing overtime and the accurate reporting of all hours worked.

15

17.     Plaintiff cannot satisfy the requirements for a collective action under 29 U.S.C. § 216(b).

18.     Certification of a collective, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' substantive and procedural due process rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

19.     The adjudication of the claims of the putative collective through generalized collective-wide proof violates Defendants' rights to a trial by jury guaranteed by the United States Constitution.

20.     If any damages have been sustained by Plaintiff and/or members of the putative collective, although such is not admitted and is specifically denied, Defendants are entitled to offset all time Defendants voluntarily paid for time not worked by Plaintiff and/or the putative collective against any overtime liability.

21.     The Complaint is barred to the extent that Plaintiff and/or members of the putative collective lack standing to raise some or all of the claims of the alleged collective of persons whom Plaintiff purports to represent.

22.     Without admitting that any violations of the FLSA have occurred, Defendants are not liable as they exercised reasonable care to prevent and correct promptly any alleged violation. Plaintiff and/or members of the putative collective failed to take advantage of such protective measures by, among other things, failing to notify management of any alleged violations of the FLSA.

FP 53929122.1

23.     Plaintiff and/or members of the putative collective are not legally entitled to an award of pre-judgment interest.  Alternatively, Plaintiff and/or the members of the putative collective are not legally entitled to both an award of interest and liquidated damages.

24.     Plaintiff and/or members of the putative collective are not entitled to a jury trial as to any equitable issue raised in the Complaint.

25.     Defendants reserve the right to assert further defenses as they become evident through discovery or investigation.

s/ Jeffrey E. Mandel
Jeffrey E. Mandel
Florida Bar No.: 613126
Email: jmandel@fisherphillips.com
Molly K. Mullen
Florida Bar No.: 1038812
Email: mmullen@fisherphillips.com
FISHER & PHILLIPS, LLP
200 South Orange Avenue, Suite 1100
Orlando, Florida 32801
Telephone: (407) 541-0850
Facsimile: (407) 541-0887
Counsel for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for Plaintiff:  Noah E. Storch, Esq., RICHARD CELLER LEGAL, P.A., 7951 SW 6th Street, Suite 316, Plantation, FL 33324 (noah@floridaovertimelawyer.com).

s/ Jeffrey E. Mandel
Jeffrey E. Mandel

17

FP 53929122.1