UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALEXIS BAWGUS, on her own behalf
and on behalf of those similarly situated,

      Plaintiff,

   v.                    Case No.:  5:25-cv-52-CEM-PRL

WAVE ASIAN BISTRO, LLC., a
Florida Limited Liability Company, and
JONATHAN MCKINNEY, individually,

      Defendants.

_____/

ORDER

Pursuant to the FLSA Scheduling Order, within 45 days of the filing of Defendant's verified summary and the exchange of documents, the parties are directed to meet and confer in person in a good faith effort to settle all pending issues. (Doc. 18 at ¶ 5). And then, within 10 days of the settlement conference, counsel shall jointly file a report regarding settlement. (Doc. 18 at ¶ 6).

On June 6, 2025, the parties advised the Court that they had been engaged in settlement discussions and requested an additional 30 days to continue their settlement efforts. (Doc. 25). Since then, the parties have filed ten consecutive joint reports stating that they wish to continue settlement discussions. (Docs. 26-35). This has resulted in an effective stay of the parties' obligation to file a case management report for more than a year. While the Court appreciates that settlement discussions can take time, the discussions in this case have dragged on for too long with no end in sight.

Accordingly, by written notice filed on or before **July 31, 2026**, the parties shall either: (1) advise the Court that they have reached a settlement and file a joint notice of dismissal of this action or a joint motion for approval of the settlement agreement[1]; or (2) advise the Court that settlement efforts have been exhausted and file their joint case management report.

**DONE** and **ORDERED** in Ocala, Florida on June 22, 2026.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The parties are advised that, if they have reached settlement without compromise of the FLSA claims, they shall file simply file a stipulation of dismissal in accordance with Rule 41 of the Federal Rules of Civil Procedure. If the claim or claims have been compromised, the parties will be required to submit settlement documents for the Court's review, as this case was brought under the Fair Labor Standards Act (FLSA). FLSA provisions are mandatory, not subject to negotiation or bargaining between employers and employees, and not subject to waiver. *See Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).